Eastern District of Kentucky
**FILED**

FEB 1 0 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-280-JBC

CHARLES J. McALPIN,                    PLAINTIFF

V.             **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,                DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff, Charles J. McAlpin, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g), for judicial review of the Commissioner's decision that he was not under a "disability," as defined in the Social Security Act, at any time through the date of the Commissioner's decision, and that based on plaintiff's respective applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI) payments filed on October 19, 2001, plaintiff was not entitled to either disability benefits or SSI payments.

This matter is before the court on cross-motions for summary judgment [DE ##4, 5], which are ripe for review.

By Order of December 2, 2004, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

**A.    Prior DIB application**

Plaintiff filed a prior DIB application on January 26, 1996, alleging an onset date of November 11, 1995. (Tr. 54-56). This application was denied at the initial level of review and no request for reconsideration was made.

B.   **Plaintiff's current DIB application**

On October 19, 2001, plaintiff filed the present DIB and SSI applications, alleging that he became disabled on September 1, 1999. (57-59). These applications were denied initially and on reconsideration, resulting in an ALJ hearing. On October 29, 2003, ALJ Gregory O. Varo issued a decision unfavorable to plaintiff. (Tr. 18-24). On April 22, 2004, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 10-12). Thereafter, plaintiff filed the present action for judicial review of the ALJ's decision.

Plaintiff was born on September 11, 1968, and was age 30 at the time of his alleged onset date, September 1, 1999. Plaintiff alleges disability due to post-traumatic stress disorder, jaw and facial pain, hypertension, and a perforated ulcer. Plaintiff has a marginal (8th grade) education. Plaintiff has past relevant work (PRW) experience as a construction worker, mason, and cook. (Tr. 23). Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date; (2) claimant has an impairment or a combination of impairments considered to be "severe" (*viz.,* panic/anxiety disorder without agoraphobia and a history of polysubstance abuse); however, claimant's medically determinable impairments do not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant has the residual functional capacity (RFC) to perform work at all levels, with noted restrictions; (5) claimant is unable to perform his PRW; (6) claimant has no acquired work skills from his PRW that are transferable to the skilled or semi-skilled functions of other work; (7) although claimant's non-exertional limitations do not allow him to perform the full range of work at all levels, using Medical-Vocational Rule 204.00 as a framework for decision-making, there is a significant number of jobs in the national economy that claimant can perform, such as janitor (heavy, medium, and light exertional levels) and factory bagger; and (8) claimant was not under a disability, as defined in the Social Security Act, at any time through the date of the ALJ's decision, October 29, 2003. (Tr. 18-24).

## III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff contends that the ALJ erred by rejecting the opinion of his treating physician, Samuel Welch, M.D., and that had the ALJ incorporated the limitations established in the treating physician's opinion into the hypothetical question to the vocational expert ("VE"), the VE would have concluded that plaintiff was disabled. For these reasons, plaintiff contends that the ALJ's decision is not supported by substantial evidence and that this action should be remanded to the Commissioner for further consideration.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the ALJ's decision, the medical evidence of record, Exhibits 1F through 30F, and the transcript of the ALJ hearing.

3

Essentially, plaintiff argues that the ALJ was obligated to defer to the opinion of his treating physician and that by not deferring to his treating physician's opinion in constructing the hypothetical to the VE, the ALJ's hypothetical to the VE was inadequate or incomplete in that it did not include all of his limitations. For this reason, plaintiff further contends that the error by the ALJ in rejecting the treating physician's opinion also resulted in a deficient hypothetical to the VE.

In considering this matter, the ALJ was mindful of the greater weight generally accorded to a treating physician's opinion; however, the ALJ also recognized that he was not bound by the treating physician's opinion, as seen from the following excerpt from the ALJ's decision:

> In making this determination concerning claimant's residual functional capacity, the Administrative Law Judge considered, inter alia, the latest addition to the medical record, the RFC submitted by counsel from treating psychiatrist Dr. Sam Welch, who states that claimant has poor to no ability to complete a normal workday or work week. The undersigned accepts the assertions of Dr. O'Koon over the statements of Dr. Welch, as she appears to be the more highly qualified individual: see Exhibits 29F and 30F. The RFC of Exhibit 28F is accorded scant weight herein because it is at odds with the record as a whole, and represents a conclusion reserved to the Commissioner (Social Security Ruling 96-5p). The case law in the U.S. Sixth Circuit does not require the Administrative Law Judge to accept the conclusory opinions of physicians, even treating physicians, where they are not adequately supported by objective criteria and documentation. (**Cohen v. Secretary**, 964 F.2d 524, 6th Cir. 1992, citing **Duncan v. Secretary**, 801 F.2d 847, 6th Cir. 1986). The undersigned also calls attention to the case of **Whitfield v. Apfel, 87 F.Supp.2d 196, 198, 68 Soc. Sec. Rep. Serv. 92 (E.D.N.Y. 2000)**, in which the Administrative Law Judge properly refused to afford controlling weight to the opinion of claimant's treating physician that social security disability benefits were payable due to disability, since the opinion was not well-supported and was inconsistent with other substantial evidence in the record. (emphasis in original).

Tr. 22.

Exhibit No. 26F is a Psychiatric Review Technique completed by Suzann O'Koon, Ph.D.[1], In Exhibit No. 26F, Dr. O'Koon notes that plaintiff has a panic/anxiety disorder without agoraphobia and that plaintiff has a history of polysubstance dependence, but that there are no pertinent symptoms, signs, and laboratory findings to substantiate the presence of these impairments. (Tr. 408,

---

[1] Dr. O'Koon has a Ph.D. in Counseling Psychology; Dr. O'Koon is not a medical doctor.

4

411). In Exhibit No. 27F, Dr. O'Koon's RFC assessment on which the ALJ relied in framing his hypothetical to the VE, Dr. O'Koon, noted the following: (1) plaintiff had fair ability to follow work rules, relate to co-workers, use judgment, interact with supervisors, function independently, and maintain attention/concentration concerning simple tasks; (2) plaintiff had poor ability to deal with the public, deal with work stresses, and maintain attention/concentration when it came to complex tasks; (3) plaintiff had no ability to understand, remember and carry out complex job instructions; (4) plaintiff had poor ability to understand, remember and carry out detailed, but not complex, job instructions; (5) plaintiff had fair ability to understand, remember and carry out simple job instructions; (6) plaintiff had fair ability to maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations; and (7) plaintiff's ability to demonstrate reliability varied between fair to poor. (Tr. 417-18).

In Exhibit No. 28F, the Mental Impairment Questionnaire completed by Dr. Samuel Welch, plaintiff's treating psychiatrist, Dr. Welch indicated that: (1) plaintiff had fair ability to maintain attention for a two hour segment, to sustain an ordinary routine without special supervision, to work in coordination with or proximity to others without being unduly distracted, to perform at a consistent pace without an unreasonable number and length of rest periods, to ask simple questions or request assistance, to accept instructions and respond appropriately to criticism from supervisors, to get along with co-workers or peers without mutually distracting them or exhibiting behavioral extremes, to respond appropriately to changes in a routine work setting, to deal with normal work stress, to understand and remember detailed instructions, to carry out detailed instructions, to set realistic goals or make plans independently of others, to deal with stress of semi-skilled and skilled work, to interact appropriately with the general public, to travel in unfamiliar places, and to use public transportation. Dr. Welch also indicated that plaintiff had poor or no ability (1) to maintain regular attendance and be punctual within customary, usually strict tolerance, and (2) to complete a normal workday and workweek without interruptions from psychologically based symptoms. Dr. Welch further indicated that plaintiff had marked difficulties in maintaining social functions, often

had difficulties of concentration, persistence, resulting in failure to complete a task in a timely manner in work setting or elsewhere, and had repeated episodes of deterioration or decompensation in work or work-like settings which cause him to withdraw from that situation or to experience exacerbation of signs and symptoms. (Tr. 423-25). Dr. Welch also noted that plaintiff did not have a low I.Q. or reduced intellectual functioning but that his current GAF (Global Assessment of Functioning) was 60. (Tr. 420, 422).

The ALJ gave little weight to Dr. Welch's Mental Health Questionnaire "because it is as odds with the record as a whole, . . ." (Tr. 22). Upon review of the record as a whole, the Magistrate Judge concludes that the foregoing assessment is correct. Dr. Welch's Mental Health Questionnaire is also somewhat internally inconsistent in that while Dr. Welch states that plaintiff did not have a low I.Q. or reduced intellectual functioning, he also assigns plaintiff a GAF of 60. The ALJ presented sound reasons for according little weight to Dr. Welch's Mental Health Questionnaire and for relying more heavily on Dr. O'Koon's assessment. Likewise, the Magistrate Judge concludes that the ALJ's hypothetical to the VE, which was formulated from Dr. O'Koon's assessment, was not inadequate or incomplete.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's denial decision is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #4] be **DENIED**, that defendant's motion for summary judgment [DE #5] be **GRANTED**, and that this matter be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and

Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 9th day of February, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE